**WESTMORELAND VESPER & QUATTRONE, P.A.**
A PROFESSIONAL CORPORATION
BAYPORT ONE - SUITE 500
8025 BLACK HORSE PIKE
WEST ATLANTIC CITY, NJ 08232
(609) 645-1111
ATTORNEYS FOR PLAINTIFF

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| JENNIFER HYMAN<br><br>                Plaintiff,<br><br>       v.<br><br>APPRAISAL SYSTEMS, INC.<br><br>                Defendant. | Civil Action No.<br><br>**COMPLAINT AND JURY DEMAND** |

## INTRODUCTION

Plaintiff, **JENNIFER HYMAN**, through her attorneys, **WESTMORELAND VESPER & QUATTRONE**, alleges:

## PARTIES

1. At all times material, Plaintiff, Jennifer Hyman, a female, was a citizen and resident of the United States, residing at 2313 3rd Avenue, Toms River, Ocean County, New Jersey 08753.

2. At all times material, Defendant, Appraisal Systems, Inc., was in the business of real estate appraisal services for municipalities in the State of New Jersey.

3. Defendant, Appraisal Systems, Inc. had offices at several locations including 1608 Route 88, Ste. 115, Brick, New Jersey 08724 (hereinafter " Brick office").

4. At all times material, Defendant, Appraisal Systems, Inc. was an employer within the meaning of 42 U.S.C.A. § 2000e and was engaged in an industry affecting commerce, and on information and belief, employed more than fifteen (15) employees for each working day in each of twenty (20) or more calendar weeks in the then current or preceding calendar year.

## JURISDICTION AND VENUE

This action arises under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C.A. §§ 2000e et seq., the Civil Rights Act of 1991, 42 U.S.C.A. § 1981a.

Jurisdiction is invoked pursuant to 42 U.S.C.A. § 2000e-5(f), 28 U.S.C.A. §§ 1343(a)(3) and 1343(a)(4), and pursuant to 28 U.S.C.A. § 1367.

Costs and attorney's fees may be awarded pursuant to 42 U.S.C.A. § 2000e-5(k), and the New Jersey Law Against Discrimination, N.J.S.A. 10:5-1, et seq.

Venue properly lies in the United States District Court for the District of New Jersey pursuant to 28 U.S.C.A. § 1391(b), and 42 U.S.C.A. § 2000e-5(f)(3) because the unlawful employment practice was committed in this judicial district.

## CONDITIONS PRECEDENT

Plaintiff has fulfilled all conditions precedent to the institution of this action under 42 U.S.C.A. § 2000e. A Notice of Right To Sue was issued by the Equal Employment Opportunity Commission (EEOC) on October 8, 2010, a true and correct copy of which is attached to this complaint as Exhibit "A".

## ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

1. At all relevant times, Plaintiff, **Jennifer Hyman** was employed as an Administrative Assistant at Appraisal Systems, Inc. in the Brick office. Her responsibilities included input of data entries, inspection scheduling, post office runs, handling of telephone complaints.

2. In 2008, the following persons were principals at Appraisal Systems:

    Ernest DelGuercio Sr. (CEO) and Jr. ( a/k/a Rick) (President)

    Glen Sherman, Executive Vice President

    Jason Cohen, Vice President

    Maureen Newton, HR Director

    April Hall a/k/a April Cafasso, Brick office manager

    Tom Hall: Brick field supervisor

3. In or about July, 2008, the following employees were employed at the Brick office as administrative or office assistants.

    Jennifer Hyman (hired April 15, 2007)

    Tellie Johnson (hired August 6, 2007)

    Gwen Hanson (hired March 12, 2008)

    Danielle Brown (hired May 15, 2008)

4. Records and witness testimony indicate that Plaintiff, **Jennifer Hyman**, was the highest producing Administrative Assistant in her office and took on extra duties without extra pay. There is no record of any performance or disciplinary actions prior to her termination.

5. On or about July 3, 2008, Plaintiff, **Jennifer Hyman**, informed her Manager, April Hall, that she was pregnant.

6. On July 10, 2008, Manager, April Hall singled out Jennifer Hyman informing her that her data entry was subject to a new quota system, approximately double what she had been routinely entering.

7. Records indicate that Plaintiff, **Jennifer Hyman's**, data entry production was routinely comparable to her co-workers and that from May 2008 through July 21, 2008 her data entry production routinely exceeded her co-workers.

8. On July 18, 2008, a meeting took place with Ernest DelGuercio, Sr. and Rick DelGuercio, Jason Cohen, April Hall and Tom Hall at which time the owners were made aware that Plaintiff was pregnant. The owners suggested and/or agreed to terminate Jennifer Hyman's employment.

9. On July 18, 2008, April Hall sent an e-mail to Maureen Newton advising that she had decided to terminate Jennifer Hyman. Maureen Newton informed April that there had been no written complaints made and that "it is always better to give them a written warning and time to improve," but that if she was going to fire Jennifer, to state that it was for poor productively and that it was better to wait until Monday.

10. On July 21, 2008, Plaintiff, **Jennifer Hyman**, was discharged. The reason cited was "low productivity."

11. None of the other employees met the data entry quota. No other employee was subject to termination or discipline. The quota was removed within a week of Plaintiff's termination.

12. On July 29, 2007, Plaintiff filed a Complaint with the EEOC charging that Defendant has discriminated against her due to her pregnancy, in violation of Title VII.

13. After investigation, on April 27, 2010 the EEOC issued a Determination as to the merits of the subject charge, finding that the evidence established a violation of Title VII.

14. On October 8, 2010 the EEOC issued a NOTICE OF RIGHT TO SUE (Conciliation failure) permitting a lawsuit to be filed within 90 days from receipt of notification under charge number 846-2008-52050.

## COUNT I

### Violation of Civil Rights Act of 1964, Gender Discrimination

1. Plaintiff repeats and realleges Paragraphs 1 through 14 as if fully stated herein.

2. Plaintiff has been terminated and subjected to disparate treatment because of her gender in violation of Title VII of the Civil Rights Act of 1964, and because of such actions by Defendant she has suffered both irreparable injury and compensable damage unless and until this Court grants relief.

3. As a direct and proximate result of the actions of Defendant set forth above, Plaintiff has suffered, is now suffering, and will continue to suffer, emotional pain and mental anguish.

4. As a direct and proximate result of such actions, Plaintiff has been, is being, and will be in the future, deprived of income in the form of wages and of prospective benefits due to the Plaintiff solely because of Defendant's conduct.

**WHEREFORE**, Plaintiff, **Jennifer Hyman**, demands judgment against Defendant, Appraisal Systems, Inc., as follows:

(a) A declaration that the acts and practices of Defendant complained of in this Complaint are in violation of Title VII of the Civil Rights Act of 1964;

(b) Injunctive relief ordered by the Court enjoining and permanently restraining these violations of Title VII by Defendant;

(c) An order of this Court directing Defendant to place Plaintiff in the position she would have occupied but for Defendant's discriminatory treatment of her, and making her whole for all earnings and other benefits she would have received but for Defendant's discriminatory treatment, including but not limited to wages, pension, and other lost benefits, according to proof;

(d) Compensatory damages for past, present, and future mental anguish, pain and suffering, and humiliation caused by Defendant's intentional discrimination, according to proof;

(e) Punitive damages, according to proof;

(f) Awarding Plaintiff the costs of this action together with reasonable attorney's fees, as provided by § 706(k) of Title VII, 42 U.S.C.A. § 2000e-5(k); and

(g) Such other and further relief as the court deems just and proper.

## COUNT II

**Violation of the New Jersey Law Against Discrimination N.J.S.A. 10:5-1, et seq**

1. Plaintiff repeats and realleges paragraphs 1 through 14 of the Allegations Common to All Causes of Action, and paragraphs 1 through 4 of Count 1 here as if fully

stated.

2. Plaintiff has been terminated and subjected to disparate treatment because of her gender in violation of the New Jersey Law Against Discrimination N.J.S.A. 10:5-1, et seq., and because of such actions by Defendant she has suffered both irreparable injury and compensable damage unless and until this court grants relief.

3. As a direct and proximate result of the above-described actions of defendant, Plaintiff has suffered, is now suffering, and will continue to suffer, emotional pain and mental anguish. As a direct and proximate result of such actions, Plaintiff has been, is being, and will be in the future, deprived of income in the form of wages and of prospective benefits due to the Plaintiff solely because of Defendant's conduct.

**WHEREFORE**, Plaintiff, **Jennifer Hyman**, demands judgment against Defendant, Appraisal Systems, Inc., as follows:

(a) A declaration that the acts and practices of Defendant complained of in this complaint are in violation of the New Jersey Law Against Discrimination N.J.S.A. 10:5-1, et seq.;

(b) Injunctive relief ordered by the court enjoining and permanently restraining these violations of the New Jersey Law Against Discrimination N.J.S.A. 10:5-1, et seq. by Defendant;

(c) An order of this court directing Defendant to place Plaintiff in the position she would have occupied but for Defendant's discriminatory treatment of her, and making her whole for all earnings and other benefits she would have received but for defendant's discriminatory treatment, including but not limited to wages, pension, and

other lost benefits, according to proof;

      (d)    Compensatory damages for past, present, and future mental anguish, pain and suffering, and humiliation caused by Defendant's intentional discrimination, according to proof;

      (e)    Punitive damages, according to proof;

      (f)    Awarding Plaintiff the costs of this action together with reasonable attorney's fees; and

      (g)    Such other and further relief as the court deems just and proper.

**WESTMORELAND VESPER & QUATTRONE**

DATED: January 5, 2011    BY: _____
                                    DARA A. QUATTRONE, ESQ.
                                    Attorneys for Plaintiff

### DEMAND FOR JURY

Plaintiff hereby demands a trial on all issues triable of right by a jury pursuant to Rule 38 of the Federal Rules of Civil Procedure (F.R.C.P. 38; and

**WESTMORELAND VESPER & QUATTRONE**

DATED: January 5, 2011    BY: _____
                                    DARA A. QUATTRONE, ESQ.
                                    Attorneys for Plaintiff

## **RULE 11 CERTIFICATION**

I, the undersigned, certify that to the best of my knowledge, information and belief, formed after an inquiry reasonable under the circumstances, that this complaint is not being presented for any improper purpose such as to harass or cause unnecessary delay or needless increase in the cost of litigation; the claims, defenses, and other legal contentions herein are warranted by existing law or by non-frivolous argument for the extension, modification, or reversal of existing law or the establishment of new law; and the allegations and other factual contentions have evidentiary support and are likely to have evidentiary support after reasonable opportunity for further investigation or discovery.

WESTMORELAND VESPER & QUATTRONE

DATED: January 5, 2011

BY: _____
**DARA A. QUATTRONE, ESQ.**
Attorneys for Plaintiff

EEOC Form 161-A (11/09)      **U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

## NOTICE OF RIGHT TO SUE
*(CONCILIATION FAILURE)*

| | |
|---|---|
| **To:** Ms. Jennifer Hyman<br>2313 3rd Avenue<br>Toms river, NJ 08753 | **From:** Equal Employment Opportunity Commission<br>Philadelphia District Office<br>801 Market Street, Suite 1300<br>Philadelphia, PA 19107-3127 |

☐ On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR § 1601.7(a))

| Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 846-2008-52050 | Legal Unit | (215) 440-2828 |

This Notice concludes the EEOC's processing of the above-numbered charge. The EEOC found reasonable cause to believe that violations of the statute(s) occurred with respect to some or all of the matters alleged in the charge but could not obtain a settlement with the Respondent that would provide relief for you. In addition, the EEOC has decided that is will not bring suit against the Respondent at this time based on this charge and will close its file in this case. This does not mean that the EEOC is certifying that the Respondent is in compliance with the law, or that the EEOC will not sue the Respondent later or intervene later in your lawsuit if you decide to sue on your own behalf.

### - NOTICE OF SUIT RIGHTS -
(See the additional information attached to this form.)

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS from your receipt of this Notice**; otherwise, your right to sue based on this charge will be lost. (The time limit for filing suit based on a state claim may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

Phil A. Goldman      10/8/10 (Date Mailed)

Phil A. Goldman
Acting District Director

Enclosure(s)

cc: Appraisal Systems
    Mark F. Kluger, Esquire (For Respondent)

<u>EXHIBIT "A"</u>